**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

|                          |   |                    |
|--------------------------|---|--------------------|
| IN RE: VICKY L. BEAR     | § |                    |
|                          | § |                    |
|                          | § |                    |
|                          | § | Misc. No. 07-56    |
|                          | § |                    |
|                          | § |                    |
|                          | § |                    |

## ORDER

On June 6 and June 14, 2007, the Court held a "Show Cause Hearing" in the above-styled action.  Ms. Vicky Bear was ORDERED by the Court to appear and show cause why she should not be punished under 28 U.S.C. § 1866(g) for her failure appear for jury service pursuant to her juror summons.  (D.E. 2.)  Ms. Bear was represented by Mr. Jose Gonzalez-Falla of the Federal Public Defender's Office, and the United States was represented by Assistant United States Attorney, Mr. Joel Gonzalez.

## I.    BACKGROUND

On June 4, 2007, Ms. Vicky Bear ("Ms. Bear") was summoned to appear for jury duty.  (Summons for Jury Service, Juror Information Form, p. 2.)  The summons instructed Ms. Bear to call a toll-free number "after 6:00 p.m. the evening before her appearance date." (Summons for Jury Service, p. 1.)  If, as required by the jury summons, Ms. Bear had called in to the toll-free number on Sunday, June 3, 2007, a recording would have instructed her that her service was re-set to Tuesday, June 5, 2007, and instructed her to call in again on Monday, June 4, 2007 for further instructions.  If

Ms. Bear had called in to the toll-free number on Monday, June 4, 2007, she would have been instructed to appear in person at the United States Courthouse in Corpus Christi for jury duty on Tuesday, June 5, 2007.  Ms. Bear, however, *did not call in* to the toll-free number as required on June 4, 2007, and *did not appear* for jury duty at the United States Courthouse on June 5, 2007.

The jury summons received by Ms. Bear provided a procedure by which Ms. Bear could have sought a "hardship excuse" from service. (Summons for Jury Service, p. 1, ¶ 5.)  However, Ms. Bear failed to avail herself of that procedure and seek an excuse from service. Further, the jury summons received by Ms. Bear also explicitly stated that "[u]nless the court notifies you that it has granted an excuse or postponement, you must appear as directed in this summons.  Failure to obey may be punished by fine and jail." (Id.)

On June 5, 2007, when Ms. Bear failed to appear, Deputy Marshal Alfredo Lujan, after some investigation, located Ms. Bear's telephone number and contacted her by phone. (See Lujan Testimony, June 6, 2007 Hearing.)  During her conversation with Deputy Marshal Lujan, Ms. Bear indicated that she was not going to show up for jury duty. (Id.)  Deputy Marshal Lujan informed Ms. Bear that she was required to appear before the Magistrate Judge at 2:00 pm to explain her failure to appear pursuant to the jury summons. (Id.) Deputy Marshal Lujan also informed Ms. Bear that if she failed to appear before the Magistrate Judge, the Court may issue a bench

2

warrant for her arrest. (Id.) Ms. Bear, however, responded that she did not intend to appear before the Magistrate Judge and to go ahead and issue a warrant for her arrest because she was not going to appear. (Id.) Accordingly, the Court issued a warrant for her arrest. Ms. Bear was arrested in the evening of June 5, 2007 and spent that night in the Aransas County Jail.[1]

The Court also takes note of the manner in which Ms. Bear filled out her Juror Qualification Questionnaire/Juror Information Form. Ms. Bear signed her Juror Qualification Questionnaire and Juror Information Form "under penalty of perjury that all answers are true to the best of [her] knowledge and belief." (Juror Information Form, p. 2; Juror Qualification Questionnaire, p. 1.) On the Questionnaire and Information Form, Ms. Bear did the following: (1) scribbled all over the area specifically designated for "FOR OFFICIAL USE", which contained the instruction "Jurors Please Do Not Write in This Space;" (2) claimed that she "FORGOT" her age, even though she wrote down her birthday; (3) refused to answer numerous questions; (4) answered "No" to the question of whether she read, wrote, spoke and understood the English language; (5) marked "DISGUSTING" and "I HATE LAWYERS!" in large letters all over the face of the form; and (6) answered "No" to the question of

---

[1] Because Ms. Bear did not provide a physical address (only a Post Office Box Number) on her Juror Information Form and Juror Qualification Questionnaire, the arresting authorities were not able to locate Ms. Bear until the evening of June 5, 2006. Ms. Bear accordingly had to spend the night in jail until the Court convened on June 6, 2007.

whether she had lived in this district for the last 12 months. (Id.).  At the June 6, 2007 hearing before this Court, under oath, Ms. Bear admitted that she does in fact speak, write and understand the English language, and she has in fact lived in this district for the last 12 months.  Ms. Bear also admitted under oath that she filled out her Juror Information Form and Juror Qualification Questionnaire with the specific intent to avoid having to appear for jury duty.

## II.  DISCUSSION

### A.  28 U.S.C. § 1866(g): Consequences for Failure to Appear Pursuant to a Jury Summons

The issue of a juror's failure to appear pursuant to a summons is governed by 28 U.S.C. § 1866(g).  The statute states as follows:

> Any person summoned for jury service who fails to appear as directed shall be ordered by the district court to appear forthwith and show cause for his failure to comply with the summons.  Any person who fails to show good cause for noncompliance with a summons may be fined not more than $100 or imprisoned not more than three days, or both.

28 U.S.C. § 1866(g).  The enforcement provisions of § 1866(g) are mandatory and direct that the Court "*shall*" order persons who fail to appear pursuant to their jury summons to show cause for their failure.  See United States v. Hsia, 125 F.Supp.2d 6, 8 (D.D.C. 2000).  As one Court noted in discussing § 1866(g), "trial by jury is so important to our system of justice that Congress has instructed the courts of the United States to fine and imprison those who avoid serving on juries."  In re Green, No. 96-0222, 1996

4

WL 660949 at *2 (E.D. Pa. Nov. 15, 1996).  Likewise, the Supreme
Court of the United States has noted:

> [T]he right of trial by jury was held in such esteem by
> the colonists that its deprivation at the hands of the
> English was one of the important grievances leading to
> the break with England. . . . The founders of our Nation
> considered the right of trial by jury . . . an important
> bulwark against tyranny and corruption

Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322, 340, 343 (1979);
see also Lee v. Madigan, 358 U.S. 228, 234 (1959) ("the right to
trial by jury [is] one of the most important safeguards against
tyranny which our law has designed"); Wilkerson v. Whitley, 28 F.3d
498, 502 (5th Cir. 1994) (stating that "[t]he Founding Fathers
obviously considered the right to a jury trial of paramount
importance; Hamilton called this right 'the very palladium of free
government'"); In re Green, 1996 WL 660949 at *2 ("Since the
earliest days of the Republic, trial by jury has long been a sacred
trinity of words, celebrated as the palladium of liberty").  Indeed
the right to a jury trial is so essential to our system of
government that it is specifically protected by two amendments in
the Bill of Rights.  See U.S. Const. amend VI, VII.  Accordingly,
jury service is one of the highest and most important duties of
citizenship, and failure to serve when called is a serious matter.

At the June 6 and June 14 hearings, the Court gave Ms. Bear an
opportunity to show cause for her failure to appear pursuant to 28
U.S.C. § 1866(g).  At the June 6 hearing, Ms. Bear's indicated to
the Court that she had not appeared for jury service because of

various medical conditions, in particular she claimed that she suffered from scoliosis, as well as digestive and sleep-related problems. Ms. Bear did not have any evidence or documentation with her to support her health-related excuse from jury service. Accordingly, Ms. Bear's attorney requested additional time so that he could speak with his client and investigate her medical issues. The Court therefore continued the hearing until June 14, 2007, to allow Ms. Bear an opportunity to obtain evidence related to her alleged medical "cause" for failing to appear. Notably, however, when the Court reconvened the show cause hearing on June 14, Ms. Bear admitted that *she did not have any evidence, testimony, or documentation to substantiate her medical claims*. Ms. Bear further admitted that: (1) she did not have any evidence as to whether she failed to obey the summons, and (2) did not have any evidence as to whether there was good cause for her failure to appear.

Instead of presenting evidence explaining her failure to appear or substantiating her alleged-medical issues, Ms. Bear only presented some argument regarding her character and the appropriate punishment for her failure to appear. Specifically, Ms. Bear referenced an album of photographs detailing the four years she lived in Greece, as well as a series of "whimsical writings" she prepared several years ago. Ms. Bear also referenced writings that she prepared during the time she spent at the Aransas County Jail, for the purpose of showing what she learned and experienced during

6

her night in custody.[2]  Ms. Bear's attorney also indicated that he
had witnesses who would testify as to Ms. Bear's character,
including the fact that Ms. Bear picks up trash in the area, loves
dogs, and is caring towards others.  Ms. Bear argued that she had
responded to jury summons in the past, that this failure to appear
was an isolated incident in her civic life, and that she had failed
to appreciate the seriousness of this situation.  Nevertheless, Ms.
Bear reiterated that she had no real excuse for the way she filled
out her Juror Information Form and her Juror Qualification
Questionnaire, and that she did not have any excuse for her failure
to appear.

    **B.   Findings Pursuant to 28 U.S.C. § 1866(g)**

    After considering all the evidence and argument presented at
the hearing, the Court hereby FINDS as follows:

    (1)   That Ms. Bear intentionally failed to appear for jury
          service as ordered by the jury summons;

    (2)   That Ms. Bear has failed to offer any sufficient cause
          for her failure to comply with the jury summons issued by
          the Court.[3]  In particular, Ms. Bear failed to present

_____

    [2] Ms. Bear apparently failed to grasp the irony of
attempting to present her writings to the Court in her defense
when she had previously answered (under the penalty of perjury)
that she did not read, write, speak and understand the English
language.

    [3] See, e.g., In re Stencavage, 2005 WL 483388, *1 (D. N.H.
2005) (finding that "[n]one of the justifications offered
constitute 'cause'" for failing to appear for jury duty.  The
offered justifications included the prospective juror's

*any* evidence demonstrating a medical excuse for failing to appear, despite being given time by the Court specifically for the purpose of obtaining such evidence;

(3)   That Ms. Bear made absolutely no effort to avail herself of a postponement or hardship excuse as provided by the jury summons, and otherwise made no effort to notify or forewarn the Court that she would not be appearing for service;

(4)   That Ms. Bear acted contumaciously, wilfully and deliberately in disregarding the jury summons issued by this Court;

(5)   That the Founders of the United States thought that the right to a jury trial was so important that they specifically included the right in two amendments within the Bill of Rights. U.S. Const. amend VI, VII. United States citizens are asked to do so little in service of their country: pay taxes, vote, and serve on juries. Every day in this Court, many people appear who have risked death and imprisonment to get to this country for a better life. The Court has seen people come to this country in the back of diesel trucks and in the beds of

_____

involvement with Special Olympics, the prospective juror's family's health problems, the prospective juror's inability to serve fairly because of growing disillusionment with the Bush administration, and the pressing needs of the prospective juror's businesses).

pickup trucks, and has seen people who walked through the desert in the summer in an attempt to have the rights that Ms. Bear does not want, or exercise; rights which Ms. Bear so capriciously disregards; and

(6)   That, having failed to show cause for her failure to appear, Ms. Bear is subject to punishment under 28 U.S.C. § 1866(g).

## III.  <u>SENTENCE AND ORDERS OF THE COURT</u>

Pursuant to 28 U.S.C. § 1866(g), the Court hereby SENTENCES Ms. Bear to time served and a $100.00 fine.  Ms. Bear is also ORDERED to reimburse the Federal Public Defender $300.00, for her Court-appointed counsel.[4]  Both the fine and the reimbursement are due and payable by 4:00 PM today in the Clerk's Office.  Finally, the Court INSTRUCTS the Assistant United States Attorney, Mr. Joel Gonzalez, to turn this matter over to the grand jury, in regards to the responses Ms. Bear provided under penalty of perjury on her Juror Information Form and Juror Qualification Questionnaire. Transcripts of both the June 6, 2007 and June 14, 2007 hearings

---

[4] At the June 6, 2007 initial show-cause hearing, the Court appointed the Federal Public Defender to represent Ms. Bear. During the hearing, Ms. Bear refused to answer the Court's questions regarding her net worth.  Ms. Bear's net worth was relevant both to whether she was eligible to be represented by the Federal Public Defender and as to the appropriate amount for her appearance bond.  In a subsequent interview with pretrial services, Ms. Bear indicated that her net worth was $2.3 million. Accordingly, Ms. Bear is not indigent and must reimburse the Federal Public Defender for the time Mr. Jose Gonzalez-Falla has spent on her case.

will be made available for this purpose.

SIGNED and ENTERED this 14th day of June, 2007.

_____

Janis Graham Jack
United States District Judge